F I L E D
United States Court of Appeals
Tenth Circuit

SEP 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

WILLIE GENE DAWSON,

    Defendant-Appellant.

No. 97-5048

(D.C. No. 96-CR-73-H)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.**

    A jury convicted defendant Willie Gene Dawson on five counts of interference

with commerce by threats or violence, in violation of 18 U.S.C. § 1951. The district court

sentenced the Defendant to 240 months imprisonment as to each count, with the terms to

run concurrently. This direct appeal followed. In his appeal, Defendant asserts that the

---

    *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court generally
disfavors the citation of orders and judgments; nevertheless, an order and judgment may
be cited under the terms and conditions of 10th Cir. R. 36.3.

    **     After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The appeal is therefore
submitted without oral argument.

district court erred by refusing to order a second mental competency examination. Our jurisdiction arises under 28 U.S.C. § 1291 and Fed. R. App. P. 4(b). We affirm.

The Defendant underwent a psychiatric evaluation at the United States Medical Center for Federal Prisoners in Springfield, Missouri between July 5 and August 19, 1996. Upon conclusion of the evaluation period, the evaluating physician determined that the Defendant was "not suffering from a mental disease or defect that would prevent him from understanding the nature and consequences of the proceedings against him or assisting properly in his defense." The medical report, which addressed several suicide attempts by the Defendant, described Defendant's psychological test results and behavior as characteristic of individuals "involved in legal proceedings and attempting to feign illness or exaggerate existing symptoms." On October 29, 1996, prompted by a recent suicide attempt by the Defendant, counsel filed a motion for a second psychiatric examination. The district court denied the motion at a November 6, 1996, hearing, concluding that in light of the initial medical report the Defendant's recent behavior did not warrant a second examination.

Whether to order a second mental competency examination is a decision "wholly within the sound discretion of the trial court." U.S. v. Prince, 938 F.2d 1092, 1095 (10th Cir. 1991). We will not reverse the district court's decision unless it constitutes an abuse of discretion. Id. We have reviewed the parties' briefs, pleadings, the hearing transcript, and the entire record before us and conclude that the district judge did not

2

abuse his discretion by declining to order a second competency examination.

Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge